**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

|  |  |  |
|---|---|---|
| **LOGICORE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. **18-1801 C** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR**
**ENTRY OF A PROTECTIVE ORDER**

Plaintiff, LogiCore Corporation (LogiCore), by its undersigned attorneys, moves the Court pursuant to Appendix C, Rule 17 of the Rules of the Court of Federal Claims ("RCFC") for entry of a protective order in the above-captioned proceeding.

In support of this Motion, LogiCore states:

1.      This protest by LogiCore was preceded by a protest at the United States Government Accountability Office ("GAO"), in which certain confidential or source selection information was produced to counsel admitted to a GAO protective order.  A copy of the protective order issued by GAO in the protest filed by LogiCore is attached as **Exhibit A** hereto.

2.      The terms of the GAO protective order issued in that protest permits parties to make use of protected information obtained through the GAO protest process in a bid protest proceeding before this Court, provided that the information is filed under seal with the Court, the Court is informed of GAO's protective order, and the Court is requested to issue its own protective order to cover the protected material.  **Exhibit A** (GAO Protective Order), ¶ 8.

4832-1971-0080.1

3.      Under the Rules of this Court, a protective order is the principal vehicle relied upon by the Court to ensure protection of sensitive information.  Accordingly, LogiCore respectfully requests that the Court grant this Motion and enter a protective order consistent with the sample protective order found at RCFC, Appendix of Forms, Form 8, to ensure the protection of any material in its Complaint, and in any subsequent filings by any party to this protest, that includes protected information covered by the prior GAO protective order, or other source selection information, proprietary information, or confidential information.

WHEREFORE, Plaintiff requests that its Motion be granted.

Respectfully submitted,

*s/Frank S. Murray*

OF COUNSEL:                          Frank S. Murray
DAVID T. RALSTON, JR.               FOLEY & LARDNER LLP
MICAH T. ZOMER                       3000 K Street, N.W., Suite 600
KRISTA A. NUNEZ                      Washington D.C. 20007-5143
FOLEY & LARDNER LLP                 Telephone 202.295.4163
3000 K STREET, N.W. SUITE 600       Email: fmurray@foley.com
WASHINGTON, D.C. 20007-5109         COUNSEL OF RECORD

November 21, 2018

4832-1971-0080.1

# EXHIBIT A

# GAO PROTECTIVE ORDER

# GAO

## U.S. GOVERNMENT ACCOUNTABILITY OFFICE

441 G St. N.W.
Washington, DC  20548

Comptroller General
of the United States

**Matter of:**   LogiCore Corporation

**File:**   B-416629.1

**Agency:**   Department of the Army/Army Material Command

## PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure.

1.  This protective order applies to all material that is identified by any party as protected, unless the Government Accountability Office (GAO) specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2.  Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

## PROTECTED MATERIAL
## TO BE DISCLOSED ONLY IN ACCORDANCE WITH
## GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Any agency or party filing a document that the agency or party believes to contain protected materials shall, if requested by another party, provide to the other parties admitted to the protective order an initial proposed redacted version of the document within 1 day of the request.  The party that authored the document shall file a final redacted version of the document that has been agreed to by all of the parties. Only the final agreed-to version of a redacted document must be filed.

3.  Only individuals who are admitted under this protective order by GAO, and support staff

(paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive decision making for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4.  Each party included under this protective order shall receive up to 4 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the individuals admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5.  When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6.  Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

7.  Within 60 days after the conclusion of the protest (including any requests for reconsideration or entitlement, or claims for costs), each party admitted to this protective order must destroy all protected material received pursuant to this protest, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received. With the prior written agreement of the party that produced the protected material, protected material may be retained under the terms of this order for such period as may be agreed. Within the same 60 day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings shall be destroyed, and the destruction certified to the other parties, unless the parties agree otherwise. In the absence of such agreement and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written

agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8.   Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the GAO. Protected material obtained under this protective order may be used, however, in a bid protest filed with the United States Court of Federal Claims, without GAO's prior authorization, provided that the information is filed under seal with the Court, that the Court is informed of GAO's protective order, and that the Court is requested to issue its own protective order to cover the protected material. In addition, GAO must be notified when suit is filed with the Court. Use of material protected under the GAO protective order will be governed by the protective order issued by the Court.

9.   Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to dismissal of the protest, referral of the violation to appropriate bar associations or other disciplinary bodies, and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

/s Heather Weiner                                                                        August 06, 2018
_____

Deputy Assistant General Counsel